ESTATE OF JOHN H. LUCAS, JR., DECEASED, THE MERCHANTS BANK OF KANSAS CITY, PERSONAL REPRESENTATIVE, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Estate of Lucas v. Commissioner
Docket No. 32910-88
United States Tax Court
T.C. Memo 1991-22; 1991 Tax Ct. Memo LEXIS 26; 61 T.C.M. (CCH) 1703; T.C.M. (RIA) 91022; January 22, 1991, Filed *26 Decision will be entered under Rule 155. D executed a will and a trust agreement on March 24, 1978, prior to the enactment of the Economic Recovery Tax Act of 1981 (ERTA), Pub. L. 97-34, 95 Stat. 305. Held: The provision of the trust agreement providing for the funding, at D's death, of a "marital trust" does not contain the type of formula marital deduction clause contemplated by section 403(e)(3) of ERTA. Therefore, section 403(e)(3) of ERTA does not preclude petitioner from qualifying for an unlimited marital deduction under section 2056. Estate of Levitt v. Commissioner, 95 T.C. 289 (1990), controlling. Peter W. Brown, Ron R. Morgan, and Robert P. Edler, for the petitioner. Robert J. Burbank and Richard A. Witkowski, for the respondent. HALPERN, Judge. *
HALPERN
MEMORANDUM OPINION Respondent determined a deficiency in petitioner's Federal estate tax of $ 2,756,784. Petitioner concedes that the value of stocks and bonds held by John H. Lucas, Jr. (decedent), at death must be increased by $ 402,500 and the value of transferred assets included *27 in decedent's estate under sections 2035(a), [1] 2036, 2037, and 2038 must be increased by $ 1,065,132. The parties agree, additionally, that petitioner is entitled to deduct reasonable attorney's fees and costs which have not yet been claimed in a return, to the extent paid and claimed in the manner and within the time mandated by sections 2053, 6501, and 6503. The sole remaining issue is the amount of the marital deduction allowed to petitioner under section 2056. This case was submitted fully stipulated. Accordingly, the facts so stipulated are found and, by this reference, are incorporated herein. Background
Petitioner is the Estate of John H. Lucas, Jr., Deceased, The Merchants Bank of Kansas City (Merchants Bank), Personal Representative. At the time of his death, decedent *28 was a resident of Johnson County, Kansas. At the time of filing the petition in this case, Merchants Bank maintained its principal place of business in Kansas City, Missouri. Decedent died on August 27, 1984, and was survived by his wife, Barbro A. Lucas, and three children, John, Eva, and Ann. As of the date of his death, the value of decedent's gross estate was $ 14,251,777. Of that amount, $ 7,134,621.46 was held in trust (the Trust), under a revocable agreement of trust (the Trust Agreement) entered into on March 24, 1978. The Trust Agreement directed that it should be governed by the law of the State of Kansas. Also on March 24, 1978, decedent executed a will. Although decedent subsequently amended certain provisions of the will by codicil, the provisions here relevant remained unchanged at the time of his death. Pursuant to that will, certain personal property of the decedent and certain insurance proceeds passed directly to Mrs. Lucas. The bulk of decedent's probate estate, however, with an estate tax value of $ 6,893,156.18, passed to the Trust. Thus, the total value of the Trust for estate tax purposes amounted to $ 14,027,777.64. Paragraph 2 of the Trust Agreement *29 provides that upon decedent's death, the property included in the Trust is to be divided into two trusts, the Marital Trust and the Non-Marital Trust. Paragraph 2(a) of the Trust Agreement contains a formula for determining the amount to be included in the Marital Trust, which states in pertinent part: (a) The first share (to be created only if Grantor's wife, BARBRO A. LUCAS survives him), hereinafter sometimes referred to as the Marital Trust, shall be in an amount equal in value to the maximum estate tax marital deduction allowable in determining the Federal estate tax on Grantor's gross estate, reduced by the value for Federal estate tax purposes of all items in Grantor's gross estate which qualify for said deduction and which pass or has passed to or for the benefit of Grantor's wife under provisions of Grantor's Will, by operation of law, through insurance contracts, or otherwise; provided that this amount shall be reduced by such sum, if any is required, which shall increase Grantor's taxable estate to an amount which will fully utilize all Federal estate tax credits available to Grantor's estate at the time of Grantor's death. * * * No asset or proceeds of any *30 asset shall be included in the trust as to which a marital trust deduction is not allowed if included. * * * [Emphasis added.]
Paragraph 2(b) of the Trust Agreement provides that the Non-Marital Trust is to include any amount of the revocable Trust not included in the Marital Trust. Decedent died without amending the Trust Agreement. Within 9 months of decedent's death, Mrs. Lucas, John, Eva, and Ann executed valid disclaimers, which the parties agree are "qualified disclaimers" within the meaning of section 2518(b). The children and Mrs. Lucas each disclaimed any and all interests in the Non-Marital Trust to which they were entitled under the provisions of the Trust Agreement. In addition, John, Eva, and Ann disclaimed any and all rights to receive any property from decedent under the intestacy laws of any state. On the estate tax return, petitioner claimed an unlimited marital deduction, equal to the value of decedent's gross estate (prior to the increase due to conceded adjustments) less deductions claimed by the estate. Respondent determined that petitioner was entitled to a marital deduction equal to 50 percent of the adjusted value of decedent's gross estate, *31 taking into consideration allowable claimed deductions (50% X [$ 14,251.777 - deductions of $ 2,551,988]). Discussion
Section 2056(c), as in effect on the date decedent executed his will and the Trust Agreement, limited the marital deduction to an amount equal to the greater of $ 250,000 or 50 percent of the value of the adjusted gross estate. For decedents dying after December 21, 1981, section 403(a)(1)(A), Economic Recovery Tax Act of 1981 (ERTA), Pub. L. 97-34, 95 Stat. 301, amended section 2056 to provide, generally, an unlimited marital deduction. However, Congress was concerned that this amendment might change the intended effect of formula marital deduction provisions in wills and trusts executed before the enactment of ERTA. See S. Rept. 97-144 (1981), 1981-2 C.B. 412, 462. Thus, entitlement to the unlimited marital deduction is limited by the transitional rule found in section 403(e)(3) of ERTA. Section 403(e)(3) provides: If -- (A) the decedent dies after December, 31, 1981, (B) by reason of the death of decedent property passes from the decedent or is acquired from the decedent under a will executed before the date which is 30 days after the date *32 of the enactment of this Act, or a trust created before such date, which contains a formula expressly providing that the spouse is to receive the maximum amount of property qualifying for the marital deduction allowable by Federal law, (C) the formula referred to in subparagraph (B) was not amended to refer specifically to an unlimited marital deduction at any time after the date which is 30 days after the date of enactment of this Act, and before the death of the decedent, and (D) the State does not enact a statute applicable to such estate which construes this type of formula as referring to the marital deduction allowable by Federal Law as amended by [section 403(a) of ERTA], then the amendment made by [section 403(a) of ERTA] shall not apply to the estate of such decedent.
1981-2 C.B. 326-327 (emphasis added). There is no disagreement between the parties that the amount funding the Marital Trust (pursuant to Paragraph 2(a)) qualifies for the marital deduction. The dispute here concerns what impact, if any, section 403(e)(3) of ERTA has upon the amount funding the Marital Trust. Respondent argues that the dispositive language of Paragraph 2(a) of the Trust *33 Agreement contains a formula expressly providing that Mrs. Lucas is to receive the maximum amount of property qualifying for the marital deduction found in section 2056. Thus, respondent contends that, since the Trust Agreement was entered into prior to the enactment of ERTA, section 403(e)(3)(B) governs this case and limits the amount funding the Marital Trust to one-half the value of decedent's adjusted gross estate. Petitioner disagrees. We recently addressed and rejected respondent's arguments. Estate of Levitt v. Commissioner, 95 T.C. 289 (1990). The marital deduction clause in Estate of Levitt contained a formula indistinguishable in effect from the provision in Paragraph 2(a) of the Trust Agreement in issue here. In Estate of Levitt, we held that the marital formula provision there in issue did not "expressly" provide that the surviving spouse was to receive the maximum amount of property qualifying for the marital deduction. Estate of Levitt v. Commissioner, 95 T.C. at 295. Therefore, section 403(e)(3) of ERTA did not preclude qualification for the unlimited marital deduction provided in amended section 2056. Estate of Levitt is a reviewed decision *34 of this Court which is controlling here. As was the case with the trust provision in issue in Estate of Levitt, the Trust Agreement here defines the amount to be included in the surviving spouse's marital trust initially as the "maximum marital deduction allowable". Again as in Estate of Levitt, such amount is reduced by the amount needed, if any, to ensure that the tax credits of the estate fully are utilized. The Trust Agreement thus does not expressly provide that Mrs. Lucas is to receive the maximum amount of property qualifying for the marital deduction -- it expressly provides substantially less. As we held in Estate of Levitt, such a formula is not the type of formula contemplated by section 403(e)(3)(B) of ERTA. Estate of Levitt v. Commissioner, 95 T.C. at 299. See also Estate of Kendall v. Commissioner, T.C. Memo 1990-547. Accordingly, section 403(e)(3)(B) does not preclude petitioner from qualifying for an unlimited marital deduction. Having determined that petitioner is entitled to an unlimited marital deduction, then, except to take account of the adjustments to which the parties have agreed, there is no deficiency in estate tax. Thus, the *35 effect of the disclaimers made by Mrs. Lucas and decedent's children need not be determined here. We assume their effect will be taken into consideration by the parties in their Rule 155 computations. Decision will be entered under Rule 155.
Footnotes
*. By Order of the Chief Judge, this case was reassigned to Judge James S. Halpern for disposition.↩
1. Unless otherwise noted, all section references are to the Internal Revenue Code of 1954 as amended and in effect as of the date of the decedent's death, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩